

**David B. Shannon, OSB No. 04413**
david@toddshannonlaw.com
**TODD & SHANNON**
516 SE Morrison, Suite 1000
Portland, Oregon 97214
Telephone: (503) 232-2600
Facsimile: (503) 232-2609

FILED'10 FEB 10 11:13USDC-ORP

Attorneys for Plaintiff Robert Freeman

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

ROBERT FREEMAN,

             Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY and WAL-MART
STORES LTD EMPLOYEE BENEFITS
PLAN,

             Defendants.

Civil Case No. **CV 10 – 1 56    MO**

COMPLAINT
(ERISA 29 U.S.C. §1001)

Plaintiff alleges:

## **INTRODUCTION**

1.

This action is brought on behalf of Plaintiff, Robert Freeman, pursuant to the Employee

Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq. ("ERISA"). Plaintiff seeks to

recover long-term disability benefits under the terms of a long-term disability plan entitled Wal-

31639

Mart Stores LTD Employee Benefits Plain ("The Plan"), and under the provisions of ERISA.

Plaintiff also seeks his costs and attorney fees pursuant to 29 U.S.C. §1132(e)(1) and (f) and pre-

and post-judgment interest.

## JURISDICTION AND VENUE

2

Jurisdiction is conferred on this court by ERISA, 29 U.S.C. §1132(e)(1) and (f), which

give the district courts jurisdiction to hear civil actions brought to recover benefits due under the

terms of an employee welfare benefit plan.

3

Venue is proper in this District Court, pursuant to ERISA, 29 U.S.C. §1132(e)(2) and 28

U.S.C. §1381.

## THE PARTIES

4

At all times material herein, Plaintiff was and is an individual residing in the state of

Oregon.

5

At all times material herein, The Wal-Mart Company ("the Employer") was Plaintiff's

employer.

6

Plaintiff began working for Wal-Mart in July, 2003. Plaintiff elected long-term disability

coverage (LTD) under the Plan in October, 2006. Under the Plan, Plaintiff's LTD coverage was

to begin 12 months after this election. Plaintiff began paying premiums for LTD coverage

through deductions from his payroll by his employer on October 12, 2007. Plaintiff became insured for long-term disability benefits under the Plan on this date.

7

The Plan is an employee welfare benefit plan specifically covered under ERISA, 29 U.S.C. §1002(1) and 29 U.S.C. §1003(a).

8

The Hartford Company is the Plan Administrator of the Plan, within the meaning of ERISA, 29 U.S.C. §1002(15)(A).

9

The Plan purchased a long-term disability policy from Defendant Hartford Life and Accident Insurance Company ("Hartford").

10

On or about January 13, 2009, Plaintiff became unable to perform his own occupation or any occupation due to disabling conditions including degenerative disc disease. Plaintiff's disabling condition makes him unable to ever again perform his occupation.

11

Plaintiff filed a claim for LTD benefits with Hartford in January, 2009. That claim was denied on May 8, 2009. Plaintiff appealed this denial. On June 22, 2009, the denial was upheld by Hartford. This action ensued.

12

Plaintiff has exhausted all his administrative levels of review.

Page 3   COMPLAINT   (ERISA 29 U.S.C. §1001)

13

Hartford made all decisions regarding plaintiff's claim including his eligibility for

benefits and was the paying source for those benefits, thus creating a conflict of interest.

14

The denial of Plaintiff's claim for long-term disability benefits under the Plan is contrary

to the record, unsupported by the terms and conditions of the Plan and is erroneous.

15

Plaintiff continues to be disabled from his occupation and from all occupations as a result

of illness, namely those conditions set forth hereinabove.

## FIRST CLAIM FOR RELIEF
### (Violation of ERISA)

16

Plaintiff realleges paragraphs 1 through 15 above.

17

Plaintiff has completed all administrative steps required pursuant to the Plan and under

ERISA, including the administrative appeal of Defendants' denial of his claim pursuant to 29

U.S.C. §1133.

18

29 U.S.C. §1132(a)(1)(B) authorizes Plaintiff to recover benefits due to him under the

terms of the Plan, to enforce his rights under the terms of the Plan, and/or to clarify his rights in

future benefits under the terms of the Plan.

/// ///

/// ///

19

Defendants have violated and continue to violate ERISA by denying Plaintiff long-term disability benefits under the Plan. 29 U.S.C. §1132(a)(1)(B).

20

Plaintiff has been damaged in a sum equal to the long term disability "monthly benefit" from January 13, 2009, through the date of entry of a Judgment and continuing into the future for so long as he continues to be "disabled" or until his disability benefits expire under the Plan.

21

As a result of the denial of Plaintiff's long-term disability benefits under the Plan, Plaintiff has incurred attorney fees and costs, pursuant to 29 U.S.C. §1132(g)(1).

22

Plaintiff has suffered damage in a definite and liquidated amount, and is entitled to pre-judgment interest on all amounts due and owing her from Defendant.

WHEREFORE, Plaintiff prays that she have and recover judgment in her favor and against Defendants as follows:

1.    The sum equal to his "monthly benefit" under the terms of the Plan from January 13, 2009, through the date of Judgment;

2.    Plaintiff's attorney fees and costs, pursuant to 29 U.S.C. §1132(g)(1);

3.    A declaration that he is entitled to his continuing "monthly benefit" under the Plan so long as he remains disabled or until Plaintiff's benefits expire under the Plan;

/// ///

/// ///

Page 5    COMPLAINT    (ERISA 29 U.S.C. §1001)

4.    Pre- and Post-judgment interest.


DATED:    February 5, 2010

Respectfully submitted,


DAVID SHANNON
OSB# 04413
(503)232-2609
Attorney for Plaintiff